IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION



FILED
FEB 19 2016
Clerk, U.S. District Court
District Of Montana
Missoula

| | |
|---|---|
| MICHAEL P. DUNSMORE,<br><br>Plaintiff,<br><br>vs.<br><br>ELEVENTH DISTRICT COURT, ROBERT ALLISON, LEROY KIRKEGARD, et al.,<br><br>Defendants. | CV 15–141–M–DLC–JCL<br><br>ORDER |

United States Magistrate Judge Jeremiah C. Lynch entered his Findings and Recommendations on November 23, 2015, recommending denying Plaintiff Michael P. Dunsmore's ("Dunsmore") motion to proceed in forma pauperis and terminating his motion to amend, remand, and stay. Judge Lynch also recommends that judgment be entered pursuant to Federal Rule of Civil Procedure 58. Dunsmore was not entitled to object to the Findings and Recommendations. *Minetti v. Port of Seattle*, 152 F.3d 1113, 1114 (9th Cir. 1998) (providing that an application to proceed in forma pauperis is not a nondispositive matter under 28 U.S.C. § 636 (b)(1)(A)). As a result, this Court reviews the Findings and Recommendations for clear error. *See McDonnell Douglas Corp. v. Commodore*

-1-



SCANNED

*Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000) (citations omitted).

Having reviewed the Findings and Recommendations, the Court finds no clear error in Judge Lynch's conclusion that Dunsmore is subject to the three strikes provision of 28 U.S.C. § 1915(g) and fails to meet the "imminent danger of serious physical injury" exception. Dunsmore's motion to proceed in forma pauperis will be denied. Further, because Dunsmore has not paid the filing fee of $400.00 as required by 28 U.S.C. § 1914(a), his motion to amend, remand, and stay will be terminated from the docket.

Additionally, Dunsmore has also filed a motion requesting that Judge Lynch voluntarily recuse himself from all further proceedings in this matter. Dunsmore provides that recusal is appropriate in this matter because Judge Lynch "is now biased by the fact that he is under investigation by the U.S. Department of Justice (Case No. 188-44-0/539356) for corruption and for having knowledge of criminal acts committed against incarcerated U.S. citizens." (Doc. 10 at 1.)

Federal Rules of Civil Procedure allow replacement of a sitting judge if that judge "is unable to proceed." Fed. R. Civ. P. 63. In addition to death and

disability, questions about the judge's impartiality may warrant recusal. Charles Alan Wright et al., *Federal Practice and Procedure* vol. 11, § 2922, 742–743 (West 2005). There are two general situations where the appearance of partiality requires recusal. First, recusal may be necessary when the judge's opinion of the litigants is formed by information learned outside the judicial proceeding. *Id.* at 744 (citing *Liteky v. United States*, 510 U.S. 540, 555 (1994)). Second, recusal may be appropriate in situations where information before the judge is limited to information learned during the course of the proceeding, but the judge's opinion is so extreme that fair judgment appears impossible. *Id.* (citing *Liteky*, 510 U.S. at 555) (describing this bias as a "display [of] deep-seated favoritism or antagonism").

Here, it is unclear why Dunsmore seeks recusal of Judge Lynch. Dunsmore does not argue that Judge Lynch was biased by outside information. Thus, the first situation described above does not apply. Instead, Dunsmore appears to be arguing the second situation applies. However, the Court is unaware of the investigation Dunsmore refers to and the case number cited by Dunsmore is unfamiliar to the Court. In fact, the Court seriously doubts that such an investigation even exists. Further, Judge Lynch's finding that Dunsmore is not entitled to proceed in forma pauperis is not extreme and does not display any antagonism towards Dunsmore or favoritism towards Defendants. Dunsmore's

motion for recusal will be denied.

There being no clear error in Judge Lynch's Findings and Recommendations, IT IS ORDERED that:

(1) Judge Lynch's Findings and Recommendations (Doc. 6) are ADOPTED IN FULL.

(2) Dunsmore's motion to proceed in forma pauperis (Doc. 5) is DENIED.

(3) Dunsmore's motion for voluntary recusal (Doc.10) is DENIED.

(4) The Clerk of Court is directed to enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

(5) The Clerk of Court is further directed to TERMINATE Dunsmore's motion to amend, remand, or stay (Doc. 4).

Dated this 19th day of February, 2016.

Dana L. Christensen, Chief Judge
United States District Court